# MINUTES

CASE NUMBER:     CIVIL NO. 08-00020DAE-LEK

CASE NAME:       William A. Cornelio, III vs. Beryl Iramina, et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE:   Leslie E. Kobayashi        REPORTER:

DATE:    04/30/2009                 TIME:

COURT ACTION:   EO:  FINDINGS AND RECOMMENDATION RE AFFIDAVIT OF WILLIAM A. CORNELIO, III, FILED APRIL 15, 2009.

    At the district judge's request, this Court held a status conference on April 20, 2009 regarding the dismissal of the instant action.  Present by telephone, was Plaintiff William A. Cornelio, III ("Plaintiff") and physically present were Wayne A. Matsuura, deputy attorney general, counsel for Defendant Myles Iyo  ("Iyo"), and Elizabeth A. Stone, deputy attorney general, counsel for Defendant Beryl Iramina, Clement Guzman, Benjamin Catriz, Gerald Kaleiki, Ray Subia, Carl Shioji, Mike Matsui, Al Tanaka, Robert Li, Hanalei Pagan, Belden Kaaumoana, and the State of Hawaii (collectively "Defendants").

    The history of Plaintiff's lawsuit, briefly, is as follows:  Plaintiff filed his complaint as a prisoner pro se on January 11, 2008.  He alleged that he was denied civil rights guaranteed under the federal Constitution and sought monetary damages and other such relief as the court may afford him.  On January 21, 2009, Plaintiff filed a motion for summary judgment which was scheduled for hearing on March 9, 2009 (and later rescheduled to April 20, 2009).   This hearing was vacated, however, because of the stipulation to dismiss with prejudice all of the claims of William Cornelio, III filed on March 31, 2009 ("Stipulation").  Plaintiff signed this Stipulation on February 18, 2009.

    On April 15, 2009, Plaintiff filed an affidavit alleging that Defendants agreed to but failed to pay him $5,000.00 in consideration for the settlement ("Plaintiff Affidavit").  This Court therefore ordered, on April 20, 2009, that Defendants submit a written response to Plaintiff's Affidavit on or before April 23, 2009.  Affidavit of Elizabeth A. Stone Re: Plaintiff's Affidavit filed on April 15, 2009, along with Exhibits "A"-"H" ("Stone Affidavit") was filed on Defendants' behalf on April 22, 2009, and Declaration of

Wayne A. Matsuura in Response to Plaintiff's Affidavit filed on April 15, 2009 ("Matsuura Declaration") was filed on Iyo's behalf on April 23, 2009.

At the status conference, Plaintiff reiterated his contention that he modified the settlement before signing it and changed the amount of consideration from $1,000.00 to $5,000.00.  Counsel for Defendants and Iyo stated that Plaintiff executed the Settlement Agreement, General and Joint Tortfeasor Release, and Defense and Indemnity Agreement on February 18, 2009 ("Settlement Agreement") which stated the amount of consideration as $1,000.00, and that a check in the amount of $1,000.00 was sent on March 16, 2009.

This Court therefore FINDS that the Settlement Agreement stated that the amount of consideration for settlement is $1,000.00, that Plaintiff executed the Settlement Agreement, and that Defendants sent payment of $1,000.00 to Plaintiff.  [Stone Affidavit at 4-5, Exs. "B", "D", and "E".]  This Court FURTHER FINDS that the parties executed the Stipulation, that this Stipulation did not state that the district court retained jurisdiction over any settlement in this action, and this action has been dismissed with prejudice.

Federal courts generally lack jurisdiction to enforce settlement agreements, absent an express statement that jurisdiction is retained to enforce a settlement.  O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995)(citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994)).  While the district court has "inherent power to enforce its judgments", Peacock v. Thomas, 516 U.S. 349, 356 (1996),  the only order here is the dismissal which Plaintiff acknowledges that he signed and agreed to have filed.  The Settlement Agreement is not, however, a judgment nor an order of the district court.  Plaintiff's remedy, if any, is to bring a separate breach of contract action for the alleged breach of the Settlement Agreement.  O'Connor, 70 F.3d at 532 ("A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction.")

In light of the dismissal, this Court hereby RECOMMENDS that the district judge take no further action in this matter.

SO FOUND AND RECOMMENDED.

Submitted by: Warren N. Nakamura, Courtroom Manager